IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**RUFUS MCFADDEN, # 104303**                                                                 **PETITIONER**

**VERSUS**                                                    **CIVIL ACTION NO. 3:16cv69-CWR-FKB**

**STATE OF MISSISSIPPI**                                                                      **RESPONDENT**

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court *sua sponte*. *Pro se* Petitioner Rufus McFadden is incarcerated with the Mississippi Department of Corrections, and he brings this action seeking a writ of mandamus, ordering the Mississippi Supreme Court to rehear his petition for post-conviction relief. The Court has considered and liberally construed the pleadings. For the reasons set forth below, the Court finds that this case should be dismissed.

### BACKGROUND

On May 11, 2004, McFadden was convicted of murder in Leake County, Mississippi. *McFadden v. State*, 929 So. 2d 365, 369 (¶¶15, 17) (Miss. Ct. App. 2006). He is currently serving a life sentence with the Mississippi Department of Corrections. *Id.* at ¶17.

In 2015, McFadden filed the latest in a series of motions for post-conviction collateral relief with the Mississippi Supreme Court. (Pet. at 6). That motion was denied on December 2, 2015, by a panel of justices: Chief Justice Waller, Justice Leslie D. King, and Justice Coleman. *Id.* at 6-7. McFadden then filed a motion for rehearing, which was denied by Justice Michael K. Randolph, on December 21. *Id.* at 18. McFadden filed an objection to the denial of rehearing, which objection was then overruled by Justice Ann H. Lamar, on January 15, 2016. *Id.* at 23.

On February 2, 2016, McFadden filed the instant Petition for Writ of Mandamus, challenging the denials of rehearing based on the fact that neither Justice Randolph nor Lamar were on the original panel which heard the latest motion for post-conviction relief. This was done, McFadden alleges, in violation of the Mississippi Rules of Appellate Procedure, which require that a motion for rehearing be heard by a member of the same panel that denied the petition for post-conviction relief. McFadden asks this Court to reverse the denial of rehearing and direct the Mississippi Supreme Court to reconsider his motion for rehearing, through either Chief Justice Waller, Justice King, or Justice Coleman.

## DISCUSSION

This Court, "lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Moye v. Clerk, DeKalb Cnty. Super. Ct.*, 474 F.2d 1275-76 (5th Cir. 1973). For instance, when a state prisoner asked the district court to force the state court to hear his state application for post-conviction relief, the case was dismissed for lack of jurisdiction. *Santee v. Quinlan*, 115 F.3d 355, 356 (5th Cir. 1997). Santee alleged that he had filed a state application for writ of habeas with the Louisiana Supreme Court, which dismissed the application as time-barred. *Id.* He wanted the Eastern District of Louisiana to order the state court to hear his state habeas action on the merits. *Id.* The Fifth Circuit Court of Appeals affirmed the dismissal for lack of jurisdiction, among other things. *Id.*

Likewise, McFadden asks the Court to direct the Mississippi Supreme Court in the performance of its duties to rehear post-conviction motions. Like the prisoner in *Santee*, McFadden essentially appeals the denial of permission to proceed on post-conviction relief, and he wants this

Court to reverse that ruling and force the state appellate court to rehear him. Mandamus is the only relief sought. The Court therefore finds that it lacks jurisdiction to provide the mandamus relief requested.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, this case is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction. A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 30th day of March, 2016.

s/Carlton W. Reeves
UNITED STATES DISTRICT JUDGE